[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 4312
The plaintiff Amy Basso appeals a decision of the commissioner of motor vehicles suspending her operator's license for a period of six months. Pursuant to General Statutes § 14-227b, the commissioner took this action because the plaintiff refused to submit to a chemical alcohol test after having been arrested for driving while under the influence of alcohol. This appeal is governed by the Uniform Administrative Procedures Act (UAPA), and in particular General Statutes § 4-183. For the reasons set forth below the court finds for the defendant.
On June 7, 1997 at approximately 2:00 a.m., Officer Christian Evans of the Wallingford Police department saw the plaintiff's vehicle in the parking lot to Roller Haven at 20 Church Street in Yalesville. He pulled into the lot and spoke with the plaintiff. After observing and speaking with her, the officer asked the plaintiff to perform three field sobriety tests. She failed the tests and was placed under arrest. At the police department, the plaintiff refused to submit to the blood alcohol tests. The commissioner sent the plaintiff a suspension notice, and she made a timely request for a hearing. At the hearing officer Evans and the plaintiff testified and the hearing officer admitted the A-44 report with attachments. The hearing officer issued a decision suspending the plaintiff's license for a period of six months. This appeal followed. The plaintiff claims that the hearing officer erred in finding the police officer had probable cause to arrest her. The plaintiff further argues that the hearing officer erred in denying her motion to suppress all evidence as the fruits of an illegal seizure, and in denying her motion in limine to preclude evidence of the horizontal gaze nystagmus test. In an administrative appeal, the plaintiff bears the burden of proving that the commissioner's decision to suspend a motor vehicle operating privilege was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Schallenkamp v. DelPonte, 229 Conn. 31,39 (1994); see Lawrence v. Kozlowski, 171 Conn. 705,713-14 (1976), cert. denied, 431 U.S. 969 (1977). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Substantial evidence CT Page 4313 exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Schallenkamp v. DelPonte,supra, 229 Conn. 40. Further,
 A reviewing court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented. . . . (Internal quotation marks omitted.) Pet v. Dept. of Health Services, 228 Conn. 651, 668, 638 A.2d 6 (1994). The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. . . . General Statutes § 4-183(j).
Joyell v. Commissioner of Education, 45 Conn. App. 476, 489-90, cert. denied, 243 Conn. 910 (1997).
In a the license suspension hearing, pursuant to § 14-227b, the hearing officer is limited in his determination to the four issues designated in subsection (f) of that statute: probable cause, arrest, refusal of testing and operation of a motor vehicle.Volck v. Muzio, 204 Conn. 507, 515-16 (1987). This limited determination is related to the legislative intent explicit in subsection (a) of § 14-227b:
 Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine and, if said person is a minor, his parent or parents or guardian shall also be deemed to have given his consent.
The hearing officer in this case decided the requisite four issues. The focal issue of the plaintiff's appeal is that the hearing officer erred in finding probable cause for the arrest. The plaintiff claims that the officer had no reasonable or articulable suspicion to stop the plaintiff so that no probable cause existed for the arrest. See State v. Lamme, 216 Conn. 172,184 (1990). The officer's account of his investigation prior to the arrest includes the following:
 At 0203 hrs. on 06/07/97 I was traveling east on Rt. 68 and had passed Roller Haven located at # 120 Church St. Yalesville. Upon passing this building, I observed a small red vehicle located in the parking lot to Roller Haven that appeared suspicious. The vehicle was facing north and the engine running with head and tail CT Page 4314 lamps lit. There appeared to be an individual seated in the driver's side. This individual had the driver's side door ajar and was leaning her head outside of the vehicle. I turned my cruiser around and pulled into the parking lot. I now saw that the individual was a female and she appeared upset. I observed that she had vomited on the pavement below the driver's side door and was leaning outside of her vehicle while the engine was running and keys in the ignition. I then asked her why she was parking in this particular parking lot. She informed me that she had a fight with her boyfriend and was really upset. I soon detected a strong odor of an alcoholic beverage coming from inside her vehicle as the door was in the open position. This individuals eyes were very glassy and red as I could see them when she was blinking very slowly. The individual identified herself as Amy Basso of # 9 Osage Dr. Wallingford.
According to the plaintiff, the illegal seizure took place before the officer observed the plaintiff's "glassy and red" eyes and smelled alcohol on her breath.[1] The court disagrees. Before approaching the plaintiff, the officer observed a lone car in a parking lot at 2:00 a.m; the car's engine was running, the lights were on, and the driver was leaning outside her opened car door. The officer then turned his cruiser into the lot and approached the vehicle. He noticed that she had vomited and was leaning outside the vehicle. The plaintiff suggests that these circumstances do not allow, much less require, a police officer to investigate further. On the contrary, the record supports the finding of the hearing officer that "[t]he officer would have been remiss in his duties had he failed to investigate the car." (ROR, July 1, 1997 Decision.)
In Kozak v. Commissioner of Motor Vehicles, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 705081 (February 17, 1995), the court had similar situation and noted the following:
 The short answer to the plaintiff's first claim is that the police did not stop or detain her prior to determining there was probable cause to arrest her. A state trooper patrolling Route I-84 at 2:40 A.M. observed the plaintiff's vehicle on the shoulder of the highway, stopped, brake lights on. When he approached the vehicle, the plaintiff immediately exhibited unmistakable signs of advanced intoxication. The trooper observed also that the vehicle's ignition switch was in the "on" position. CT Page 4315
 There was no investigatory stop. Even if the trooper's investigation could be construed as a "stop," however, it was completely justified. Indeed, the trooper would have been derelict in his duty if he had not investigated a vehicle stopped in the middle of the night, in the breakdown lane of an interstate highway, occupied by a lone individual.
At oral argument, plaintiff's counsel argued that the officer's use of the word "suspicious" in describing the plaintiff's vehicle created an illegal stop when he first approached the vehicle. The officer's testimony at the hearing defeats this argument:
 It's something that's suspicious is any vehicle that I believe is out of the ordinary for that time of the morning. Being in the location that it was with no lights on and seeing Amy's vehicle with the door ajar and with the dome light and the intenor lit. It had its headlights lit.
 I believe that I saw someone like it's indicated in the report, in the driver's seat. And therefore, as my job as a police officer, was to check that out and make sure that person is okay.
(ROR, July 1, 1997 tr., pp. 13-14) Investigating such a vehicle under these circumstances does not constitute an illegal stop. The record supports the hearing officer's finding that there was probable cause to arrest the plaintiff.
Because the court has upheld the finding of probable cause, the denial of the motion to suppress is no longer an issue. Without an illegal seizure, the exclusionary rule is not before the court.
Turning to the final issue, the court will not disturb the hearing officer's findings and conclusions on this ground. The plaintiff argues that the admission of evidence of the horizontal gaze nystagmus test conducted on the plaintiff, without expert scientific testimony, deprived the plaintiff of her right to due process.
This issue has been decided by our Appellate Court. "The issue of the validity of the horizontal gaze nystagmus test, including whether the condition resulted from some congenital defect or from the defendant's ingestion of alcohol, may be CT Page 4316 relevant when the issue of the defendant's guilt or lack there of is determined. It is not, however, a proper issue to be used tonegate the existence of probable cause when the evidence isexamined from the point of view of the knowledge of the arrestingofficer." (Emphasis added.) State v. Merritt, 36 Conn. App. 76,85, note 4, (1994), appeal dismissed, 233 Conn. 302 (1995), quoting State v. Royce, 29 Conn. App. 512, 518 (1992).
The results of the horizontal gaze nystagmus test were only part of the officer's findings prior to the plaintiff's arrest. The plaintiff failed the walk and turn and one leg stand tests. The officer also noticed red and glassy eyes, the smell of alcohol and the fact that the plaintiff had vomited. There was sufficient evidence in the record apart from the horizontal gaze nystagmus test to support a determination of probable cause. SeeWard v. Commissioner of Motor Vehicles, Superior Court, judicial district of Middlesex, Doc. No. 069172, 12 CONN. L. RPTR. 444 (September 15, 1994).
The appeal is dismissed.
DiPENTIMA, J.